NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN SCIARA,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>STEPHEN CAMPBELL,<br><br>　　　　Defendant-Appellee. | No.　20-15123<br><br>D.C. No. 2:18-cv-01700-DJA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Daniel J. Albregts, Magistrate Judge, Presiding

Argued and Submitted December 11, 2020
San Francisco, California

Before:　BOGGS,[**] M. SMITH, and BENNETT, Circuit Judges.

Brian Sciara appeals from the district court's orders granting Stephen

Campbell's motion to dismiss for lack of personal jurisdiction and denying

Sciara's motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291.

We affirm in part, reverse in part, and remand for further proceedings.

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

We review de novo the district court's dismissal for lack of personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). We must view all "uncontroverted allegations in the complaint . . . as true" and resolve "[c]onflicts between parties over statements contained in affidavits . . . in the plaintiff's favor." *Id*.

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Id.* Nevada's long-arm statute is coextensive with federal due process standards. *See Baker v. Eighth Jud. Dist. Ct.*, 999 P.2d 1020, 1023 (Nev. 2000). Thus, "the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger*, 374 F.3d at 801.

In determining whether specific jurisdiction exists, we apply a three-prong test: (1) "[t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum," (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities," and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Id.* at

802 (citation omitted).[1]  The plaintiff must establish the first two prongs, and if the plaintiff meets that burden, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable."  *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

Sciara's complaint alleges claims that sound in contract and tort.  To establish the first prong for his contract claims, Sciara must show that Campbell purposefully availed himself of the privilege of conducting activities in Nevada. *See id.* at 802–03.  The allegations, with all conflicts resolved in Sciara's favor, show the following:  Campbell, knowing that Sciara was a long-time Nevada resident, deliberately negotiated and contracted with Sciara to benefit from, and eventually acquire for his company, Sprout Financial, the assets, clients, and intellectual property of Sciara's Nevada-based company, CapFund Enterprises, Inc. The contract between Campbell and Sciara created an ongoing business relationship that obligated Campbell to pay dividends to Sciara in Nevada.  And over the course of their contractual relationship, Campbell regularly contacted Sciara in Nevada, often travelled to Nevada to meet business contacts supplied by Sciara, worked with clients in Nevada, and hired individuals from Nevada.  These allegations make a prima facie showing that Campbell purposefully availed

---

[1] Sciara does not challenge the district court's determination that it lacked general jurisdiction over Campbell.

himself of the privilege of conducting activities in Nevada. *See Burger King*, 471 U.S. at 479–80.

The allegations also make a prima facie showing of the second prong. Absent Campbell's conduct—entering into a contract that envisioned ongoing obligations to and contacts with Sciara in Nevada—Sciara would have no claims based on the contract. *See Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 894 (9th Cir. 1996). Thus, the district court erred in concluding that Sciara failed to establish the first two prongs of the specific jurisdiction test for his contract claims.

Turning to the third prong, we consider several factors in determining whether the exercise of jurisdiction is reasonable. *See Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir. 1991). Campbell has shown that two factors appear to weigh in his favor—it would be more efficient to litigate in Arizona because Sprout Financial is located in Arizona, and Arizona is an available alternative forum.[2] But two factors weigh in Sciara's favor—Campbell deliberately injected himself into Nevada affairs, and it would be more convenient for Sciara to litigate

---

[2] Campbell also argues that exercising jurisdiction would be unreasonable because he did not inject himself into Nevada affairs, traveling to Nevada and defending the suit there would be a "tremendous burden," and Nevada has a limited interest in the suit because Sciara suffered no harms in Nevada. These arguments are not persuasive because, construing the allegations in Sciara's favor, Campbell deliberately injected himself into Nevada affairs, he often travelled to Nevada for business, and Sciara suffered the harm arising from the contract claims in Nevada.

4

in Nevada.  Considering these two factors against the two that appear to weigh in Campbell's favor, we are not compelled to conclude that the exercise of personal jurisdiction would be unreasonable.  *See id.* at 625.

At least at this stage of the case, Nevada appears to have personal jurisdiction over Campbell for the contract claims, and the district court erred in holding otherwise.[3]

As for the tort claims, however, we affirm the district court's dismissal because Sciara fails to meet his burden of establishing that Campbell purposefully directed his conduct toward Nevada.  *See Schwarzenegger*, 374 F.3d at 803.  The alleged harm arising from the tortious conduct—deprivation of an ownership interest in Sprout Financial, which is headquartered in Arizona, and access to its books and records, which are located in Arizona—is not "tethered to [Nevada] in any meaningful way." *Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir. 2015).  Moreover, Sciara's argument that Campbell expressly aimed his acts at Nevada rests only on the fact that Sciara is a Nevada resident.  This is insufficient under *Walden v. Fiore*, 571 U.S. 277, 290 (2014) ("[M]ere injury to a forum resident is not a sufficient connection to the forum.").  We therefore affirm the district court's dismissal of the tort claims.

---

[3] Because neither the district court nor the parties identified which claims should be considered contract-based or tort-based, we leave it to the district court on remand to make such determination in the first instance, if necessary.

The district court denied Sciara's motion for reconsideration because he failed to show that the evidence supporting his motion was newly discovered and either that the court had committed clear error or that manifest injustice would result. Sciara fails to explain why these determinations were an abuse of discretion. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000) ("We also review a district court's denial of a motion for reconsideration for abuse of discretion."). Thus, we affirm the district court's denial of Sciara's motion for reconsideration as to the tort claims.[4]

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

---

[4] Because we reverse the district court's dismissal of the contract claims, we do not address the district court's denial of the reconsideration motion as to those claims. *Cf. Swirsky v. Carey*, 376 F.3d 841, 853 n.24 (9th Cir. 2004) (finding challenge to the denial of a motion to reconsider moot given the court's decision to reverse the grant of summary judgment).